IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                Case No. 03-10191-01-JWB

GERALD N. BRYANT, II,

        Defendant.

**MEMORANDUM AND ORDER**

This matter comes before the court on Defendant Gerald Bryant's motion for release from custody. (Doc. 59.) Defendant seeks early release due to his underlying health conditions and the current COVID-19 pandemic. The motion has been fully briefed and the court is prepared to rule. (Docs. 61, 62, 63, 64, 65, 66.) For the reasons stated herein, Defendant's motion is denied.

**I.    Facts and Procedural History**

On February 27, 2004, Defendant pled guilty to one count of possession of 50 grams or more of methamphetamine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and one count of using and carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). (Doc. 36.) On May 17, 2004, Defendant was sentenced to 370 months in prison and a five-year term of supervised release. (Docs. 42, 43.) His sentence was later reduced to 323 months. (Doc. 56.) Defendant is currently incarcerated at USP Lompoc in Lompoc, California.

On April 20, 2021, Defendant filed a motion seeking early release due to his health conditions that make him more susceptible to serious health complications should he contract COVID-19. (*Id.*) Those health conditions include a history of smoking, nodules on his lungs, and

Hepatitis C. (*Id.* at 3.) The government opposes Defendant's motion for release on the basis that he has not shown extraordinary circumstances and the sentencing factors do not weigh in favor of a sentence reduction to a time served sentence. (Doc. 61.)

Although there is no right to counsel in the filing of these motions, District of Kansas Standing Order 19-1 allows the appointment of the Federal Public Defender ("FPD") to represent indigent defendants who may qualify to seek compassionate release under § 603 of the First Step Act. Administrative Order 20-8 supplements 19-1 and sets forth procedures to address compassionate release motions brought on grounds related to the COVID-19 pandemic. Under 20-8, the FPD has fifteen days to notify the court whether it intends to enter an appearance on behalf of any pro se individual filing a compassionate release motion based on COVID. Here, the FPD notified the court that it did not intend to enter an appearance to represent Defendant.

**II.     Legal Standard**

The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), was amended by The First Step Act. Now, a defendant may file his own motion if certain conditions have been met. The Tenth Circuit has recently endorsed a three-step test for district courts to utilize in deciding motions filed under § 3582(c)(1)(A). *United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021) (citing *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020)). Under that test, the court may reduce a sentence if Defendant has administratively exhausted his claim[1] and three other requirements are met: (1) "extraordinary and compelling" reasons warrant a reduction; (2) the "reduction is consistent with applicable policy statements issued by the Sentencing Commission;" and (3) the reduction is consistent with any applicable factors set forth in 18 U.S.C. § 3553(a). *Id.* A court may deny the motion when any requirement is lacking and the court need not address the other

---

[1] The government does not dispute exhaustion and Defendant's exhibits support a finding that he has exhausted his claim. (Doc. 59 at 7-8.)

requirements. *Id.* at 1043. But all requirements must be addressed when the court grants a motion for release under the statute. *Id.* With respect to the second requirement, the applicable policy statements, the Tenth Circuit has held that the current policy statement on extraordinary circumstances is not applicable to motions filed by a defendant. *United States v. Maumau*, 993 F.3d 821, 837 (10th Cir. 2021). Defendant bears the burden of establishing that compassionate release is warranted under the statute. *See, e.g., United States v. Dial*, No. 17-20068-JAR, 2020 WL 4933537 (D. Kan. Aug. 24, 2020); *United States v. Dixon*, No. 18-10027-02-JWB, 2020 WL 6483152, at *2 (D. Kan. Nov. 4, 2020).

Here, the government argues that Defendant has not shown extraordinary circumstances and that the sentencing factors do not support a time served sentence.

### III. Analysis

#### A. Extraordinary and Compelling Reasons

Defendant argues that the current COVID-19 pandemic, his unique vulnerability to COVID-19 due to his medical condition, and his incarceration in the penitentiary provides a compelling reason for his immediate release. (Doc. 59 at 3.) In response, the government asserts that Defendant has been vaccinated against COVID-19 and, therefore, his risk from COVID-19 has been mitigated to "such an extent that he can no longer sustain an extraordinary and compelling reason to grant compassionate release." (Doc. 61 at 12.) In reply, Defendant argues that BOP is not doing an adequate job of investigating deaths at his facility, that the modified operations plan is systemically inadequate, and that there are issues with screening inmate workers.[2] He further

---

[2] Defendant appears to be quoting a report by a Dr. Venters in his reply brief. Defendant, however, makes no effort to provide a citation as to this report or other investigation performed by Dr. Venters. (Doc. 62 at 3.) Therefore, the court does not consider these statements as Defendant has made no attempt to identify their reliability.

3

argues that he is at risk because staff and inmates refuse to be vaccinated, he is in a confined setting, and would be able to care for himself better if he were released to live with his sister.

The Tenth Circuit has held that this court has independent discretion to determine whether a defendant has shown "extraordinary and compelling reasons" that warrant release. *See McGee*, 992 F.3d at 1044, 1048. "[E]xtraordinary" means "exceptional to a very marked extent." *United States v. Ford*, No. CR 10-20129-07-KHV, 2021 WL 1721054, at *3 (D. Kan. Apr. 30, 2021) (quoting *United States v. Baydoun*, No. 16-20057, 2020 WL 4282189, at *2 (E.D. Mich. July 27, 2020) (quoting extraordinary, Webster's Third International Dictionary, Unabridged (2020)). Although not binding on this court, the Sentencing Commission has identified that grounds for release due to extraordinary and compelling reasons can include a (1) defendant's medical condition; (2) age; (3) family circumstances; and (4) a catchall category of an "extraordinary and compelling reason other than, or in combination with," the first three categories. *Id.* (citing U.S.S.G. § 1B1.13, Reduction In Term Of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (Policy Statement), cmt. n.1 (Nov. 2018)) and *United States v. Carr*, No. 20-1152, — F. App'x. —, 2021 WL 1400705, at *4 (10th Cir. Apr. 14, 2021) (district court has discretion to consider definition of extraordinary and compelling reasons in Section 1B1.13 application notes).

Here, Defendant argues that the following health factors increase his vulnerability to COVID-19: age (50); sex (male); overweight; a heavy former smoker; nodules on his lung; and Hepatitis C. Although the government agrees that Defendant has nodules on his lung and Hepatitis C, it does not address Defendant's position that these health conditions make him susceptible to increased risk if he contracts COVID-19. Rather, the government argues that his risk is mitigated due to the fact that he has been vaccinated.

The court finds that Defendant's medical conditions and the conditions at USP Lompoc do not constitute extraordinary and compelling reasons for a reduced sentence.[3] Although Defendant argues that the BOP's policies and investigation regarding COVID-19 is inadequate, Defendant's statements are conclusory. BOP has undertaken "extensive and professional efforts to curtail the virus's spread." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). Reviewing the BOP website concerning COVID-19, there are currently zero cases of COVID-19 at USP Lompoc. *See* https://www.bop.gov/coronavirus/ (last visited June 16, 2021). Out of the 129,487 federal inmates incarcerated at this time, only 93 inmates nationwide have confirmed positive test results. *Id.* Although the COVID-19 pandemic is a significant ongoing health concern, Defendant has not met his burden to show extraordinary circumstances due to his health conditions and the COVID-19 pandemic because there are no positive cases at USP Lompoc and he has been vaccinated.[4] *See United States v. Verdin-Garcia*, No. 05-20017-01-JWL, 2021 WL 2144801, at \*2 (D. Kan. May 26, 2021) (no inmates with active infections weighs against compassionate release); *United States v. Young*, No. CR 10-20076-01-KHV, 2021 WL 1999147, at \*3 (D. Kan. May 19, 2021). Defendant has not shown that compared to his proposed release plan to live with his sister and work in the community, "he faces a heightened or imminent risk of exposure to COVID-19" at USP Lompoc. *Young*, 2021 1999147 at \*3.

### B. Sentencing Factors

Further, even had Defendant shown extraordinary circumstances supporting a reduction, the reduction would not be warranted after consideration of the sentencing factors. Prior to

---

[3] Defendant also complains of the conditions imposed by BOP in attempting to control the spread of the virus, including restrictions of being confined to the cell and limited activities. (Doc. 59 at 2.) Those restrictions were uniformly applied to the inmates to prevent the spread of the illness. This cannot be a basis for an extraordinary and compelling circumstance or all inmates would be eligible for release.

[4] Defendant does not argue that the vaccine is ineffective but rather argues that the number of unvaccinated individuals will result in him being exposed to the virus.

granting a motion for compassionate release, the court must consider the sentencing factors set forth in 18 U.S.C. § 3553(a) and also find that Defendant is not a danger to the safety of any other person or the community. *United States v. Reece*, No. 16-20088-JAR, 2020 WL 3960436, at *2, 7 (D. Kan. July 13, 2020). Some of the sentencing factors include the nature and circumstances of the offense; the need for the sentence imposed to reflect the seriousness of the offense and afford adequate deterrence; the guideline sentencing range; and the need to avoid unwarranted sentence disparities. 18 U.S.C. § 3553(a). "If a proposed modified sentence strays too far from the original sentence, the § 3553(a) factors cannot support the sentence reduction, even where a defendant faces extraordinary and compelling circumstances." *United States v. Curtis*, No. 17-20014-DDC-05, 2021 WL 1516449, at *5 (D. Kan. Apr. 16, 2021).

Defendant's current projected release date is June 13, 2028, with good time credits. (*See* Gerald N. Bryant, Reg. No. 09774-031, https://www.bop.gov/inmateloc/ (last visited June 16, 2021)). Defendant has served approximately 212 months of his 323-month sentence and has approximately 84 months remaining based on good time credits. Although the analysis of § 3553(a) factors could justify a sentence modification of 84 months in some cases given the substantial sentence imposed, they do not justify that outcome in this case.

Defendant argues that his health conditions and the risks he is facing as an inmate during the pandemic support a sentence reduction. While Defendant does have health conditions as he has identified, Defendant does not assert that the BOP is failing to provide adequate medical care to him at the facility. Defendant also points to his continued education while incarcerated. He has completed over 2,000 hours of education programs and is only one subject away from obtaining his GED. (Doc. 59 at 121.) He also has significant family support and he would like to spend time with his family. He has proposed a release plan to live with family and has been promised

6

employment. (Docs. 59 at 5; 63.) Defendant asserts that he is a changed man and that he is not the same person at 50 that he was in his early 30s. Defendant's accomplishments and goals are commendable. However, these considerations must be weighed with the other sentencing factors. On balance, they do not support the significant reduction Defendant seeks.

In this case, Defendant's criminal convictions and history are severe. Defendant pled guilty to possession with intent to distribute 50 grams or more of methamphetamine and discharge of a firearm in relation to a drug trafficking crime. According to the plea agreement, Defendant was driving his vehicle with a co-defendant and was stopped by the Kansas Highway Patrol. Although Defendant initially stopped, he fled the scene after Trooper Kummer informed Defendant that he was calling for a drug canine. Defendant then led the troopers on a high speed chase for a significant distance. During the chase, Defendant fired over twenty shots from both a .38 caliber revolver and a .45 caliber semiautomatic pistol. Defendant discharged his weapons towards at least three officers.[5] The stop ended after Trooper Jirak fired twenty-seven rounds at Defendant's car. Upon searching the car, more than 330 grams of pure methamphetamine was seized. (Doc. 36 at 2.)

A review of the presentence report shows that Defendant was convicted of attempted murder at age nineteen. In that case, Defendant was attempting to burglarize a vehicle and shot the owner in the side and left leg after being confronted. Defendant was sentenced to seven years. At age twenty-five, Defendant was convicted of being a felon in possession of a firearm. Defendant was sentenced to four years.

In his motion, Defendant makes no argument regarding the nature and circumstances of the offense; the need for the sentence imposed to reflect the seriousness of the offense and afford

---

[5] The plea agreement states that he fired at three different officers but the presentence report states that he fired at five officers. (Doc. 36 at 2.)

adequate deterrence; the guideline sentencing range; and the need to avoid unwarranted sentence disparities.

Reducing Defendant's sentence to time served would not reflect the seriousness of his criminal conduct, nor would it furnish adequate deterrence to criminal conduct or provide just punishment. Defendant's conduct in this case could have resulted in severe injury or death to the troopers that he shot at and this was not the first instance of Defendant shooting at an individual. These factors, which supported the sentence Defendant received, also support a term of imprisonment greater than a time-served sentence. The court finds that the imposed sentence remains sufficient, but not greater than necessary, to meet the sentencing factors in § 3553(a) and punish the offense.

After considering the factors enumerated in § 3553(a), Defendant's motion to reduce his sentence to time served is denied. Defendant alternatively seeks a modification of his sentence to home confinement and supervised release. (Doc. 59 at 5.) The court cannot convert Defendant's term of imprisonment to home confinement. *See United States v. Read-Forbes*, 843 F. App'x 131, 133 (10th Cir. 2021); *United States v. Read-Forbes*, 454 F. Supp. 3d 1113, 1118 (D. Kan. 2020) ("While the CARES Act gives the BOP broad discretion to expand the use of home confinement during the COVID-19 pandemic, the Court lacks jurisdiction to order home detention under this provision.") While the court has the authority to impose some restrictions on a Defendant's ability to leave the house during a period of supervised release, the court would be required to first reduce Defendant's sentence to time served in order to do so. The court declines to reduce Defendant's sentence for the reasons set forth herein.

## IV. Conclusion

Defendant's motion for sentence reduction under § 3582 is DENIED. (Doc. 59.)

IT IS SO ORDERED. Dated this 23rd day of June 2021.

                                           s/ John W. Broomes
                                           JOHN W. BROOMES
                                           UNITED STATES DISTRICT JUDGE